IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DANNI NOEL REED**, *also known as*
SONIA CAMILLE ROBERSON,

    Plaintiff,

v.

**REX MILLER, et al.**,

    Defendants.

_____

Case No. 6:25-cv-00261-MC

**ORDER**

MCSHANE, Judge:

    *Pro se* Plaintiff Danni Noel Reed seeks leave to proceed *in forma pauperis* (IFP). ECF No. 1. The Court, pursuant to 28 U.S.C. § 1915(e)(2), must screen applications to proceed IFP and dismiss any case that is frivolous or malicious, or fails to state a claim on which relief may be granted. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive this review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's Complaint is also subject to Federal Rule of Civil Procedure 8(a), which requires "a short and plaint statement of the claim showing that the pleader is entitled to relief[.]"

    Plaintiff's Complaint is almost entirely indecipherable and fails to allege an identifiable claim under federal or state law. Plaintiff writes of "violations of many ADA laws, criminal laws, constitution laws," and "catastrophic multiple injuries," but fails to allege facts to allow the Court

1 – OPINION AND ORDER

to infer how any Defendant violated those laws or caused those injuries. Even with the liberal eye afforded to *pro se* litigants, the Court cannot determine what wrongs Plaintiff allegedly suffered because of Defendants' actions or inactions.

Because Reed's complaint fails to state a claim, it must be dismissed. 28 U.S.C. § 1915(e)(2); *Schmidt v. Herrmann,* 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding a Rule 8(a) dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings"). Plaintiff's Application to Proceed IFP, ECF No. 1, is DENIED.

IT IS SO ORDERED.

DATED this  10th  day of March, 2025.

/s/Michael McShane  
Michael McShane  
United States District Judge

2 – OPINION AND ORDER